GONZÁLEZ ET AL., PLAINTIFFS AND APPELLEES, v. FERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action of Debt, Etc.—Memorandum of Costs.

No. 2834.—Decided February 23, 1923.

APPEAL—ATTORNEY FEES—COSTS. — In appeals from municipal courts attorney fees will not be allowed for services rendered in the lower court, nor for those rendered in the district court by reason of the appeal.

ID.—ID.—ID.—Costs disbursements and attorney fees can not be recovered in appeals to the Supreme Court.

The facts are stated in the opinion.

*Mr. A. Sarmiento* for the appellant.

*Mr. A. Marín Marién* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In an action which originated in a municipal court the First District Court of San Juan rendered judgment on April 26, 1922, against the defendant for the sum of $450,

with interest and the costs. When the judgment became final the plaintiffs filed a memorandum of costs containing twenty-three items and amounting to more than $400. Among the items were several for attorney's fees not only for services rendered in the prosecution of the action *de novo* in the district court, but also in an appeal to the Supreme Court.

The defendant opposed the memorandum and the court ruled as follows:

"The court approves the memorandum of costs filed by the plaintiff after striking out the following items:

"Paid to two sureties for bond asked for by S. Fernández_____ $20.00
"For power of attorney from José González to Ricardo González_____ 5.20
"Authentication of said power of attorney_____ 4.83
"Paid to the procurator of Luarca, Ovieda, Spain, for declaration of heirs of José González and expenses_____ 62.00
"Notice of briefs on motions and demurrers_____ 2.00
"Notice of two statements of the case_____ 2.00
"Notice of briefs on trial_____ 2.00
"Notice of motion for reopening and of two briefs thereon_____ 2.00
"Notice of motion for new bond_____ 1.00
"Preparation of affidavit of R. González_____ 5.00"

The defendant took the present appeal.

The fundamental question involved is whether in an action on appeal from a municipal court the district court may allow attorney's fees, and that question was discussed and decided by this Supreme Court in the case of *Amy* v. *Aponte et al., ante,* page 60. The syllabus of the opinion delivered in that case reads as follows:

"In appeals from municipal courts attorney fees for services rendered in the lower court or in the district court on appeal will not be allowed.

"Section 333 of the Code of Civil Procedure governing the allowance of costs on appeal has still the same force and effects as in 1904 when section 327 of the same code was in force."

The argument of the appellee tending to show that the decision cited is erroneous has not convinced the court, and

applying that jurisprudence to this case, all of the items of the memorandum of costs allowed by the trial judge should have been eliminated with the exception of the following, which the defendant should pay: Clerk's fees, $15.00; witnesses' fees, $6.00; affidavit and stamp for deposition of Ricardo González, $0.75; affidavit and stamps for the bond $1.50. Total of $23.25.

It is striking that notwithstanding the statute and the repeated jurisprudence of this Supreme Court to the effect that costs, disbursements and attorney's fees can not be allowed in appeals to the Supreme Court, the memorandum of costs in question contained several items which evidently refer to the appeal taken in the case to this court.

The order appealed from must be modified accordingly.

*Affirmed in part.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf concurred in the judgment.